FILED

2006 Apr-12  PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

v.

HEALTHSOUTH CORPORATION and
RICHARD M.  SCRUSHY,

                    Defendants.

CIVIL ACTION FILE
NO. CV-03-J-0615-S

## ORDER APPOINTING A DISTRIBUTION AGENT
## AND ESTABLISHING A DISGORGEMENT FUND

Having considered Plaintiff's motion to establish a Disgorgement Fund and

to appoint a Distribution Agent, and defendant HealthSouth Corporation

("HealthSouth") having no objection, it is hereby:

ORDERED that a Disgorgement Fund be established in accordance with

Section 308(a) of the Sarbanes-Oxley Act, which would include all of the funds in

the CRIS account, or subsequently paid into that account, pertaining to this case,

including the disgorgement paid by defendant HealthSouth, any civil penalty paid

or to be paid by defendant HealthSouth, and any other funds which may be paid

into such account by any other defendant in this action or as a result of any related

action, and any interest earned on such amounts.

IT IS FURTHER ORDERED that Francis E. McGovern ("McGovern") is appointed Distribution Agent with the following powers and duties:

1.      To perform such functions as are necessary to prepare and propose to the Court a Distribution Plan ("the Plan") pursuant to which monies in the Disgorgement Fund, minus any lawful fees and taxes, shall be distributed to victims of the fraud in this case.  The Distribution Agent will submit the Plan to the Court for approval. The Distribution Agent shall coordinate his efforts with other settlement funds related to the cause of action underlying this case.

2.      The Distribution Agent, on behalf of the Disgorgement Fund, shall take all necessary steps to enable the Disgorgement Fund to be a (qualified settlement fund (within the meaning of regulations issued under Section 468B(g) of the Internal Revenue Code of 1986, as amended.  The Distribution Agent shall be designated as the administrator of the qualified settlement fund, pursuant to Treas. Reg. 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. 1.468B-2, including but not limited to (i) obtaining a taxpayer identification number, (ii) timely filing applicable federal, state and local tax returns and paying taxes reported thereon, and (iii) satisfying any information reporting or withholding requirements imposed on distributions from the qualified settlement fund.

3.      The Distribution Agent shall prepare and file any necessary tax

returns and shall calculate the amount of taxes due, if any, and any interest or

penalties owing thereon as a result of the interest earned on the disgorged funds

while the funds were in the registry of the Court (the "Tax Obligation").  The

Distribution Agent shall file a request with the Internal Revenue Service ("IRS")

to abate any applicable tax penalties.  The Distribution agent shall pay the Tax

Obligation to the IRS without further order of the Court and will file a notice of

such payment with the Court and shall serve a copy of such notice upon the

Commission.  If the Distribution Agent determines that taxes are due and owing

prior to the time that the Plan is approved, the Distribution agent may apply to the

Court for an order releasing sufficient funds to pay the taxes.

4.      This Court understands that there has been at least a partial settlement

in *In re HealthSouth Corporation Securities Litigation*, Consolidated Case No.

CV-03-BE-1500-S, which is awaiting preliminary approval.   The Distribution

Agent shall propose a single plan of allocation, to avoid duplicative costs and/or

confusion to the victims.  Any such single plan of allocation will be subject to the

approval of this Court and the Court handling Case No. CV-03-BE-1500-S, and

should incorporate the SEC's concerns as to allocation of monies from this action.

5.      After the Plan is approved by the Court, in conjunction with the Court

overseeing the *In re HealthSouth Corporation Securities Litigation*, Consolidated

Case No. CV-03-BE-1500-S, the Distribution Agent shall distribute the funds as

provided by the plan.

6.     After the Plan is approved by the Court, the Distribution Agent shall

print and mail checks to those investors entitled to receive $10.00 or more.  All

checks shall be valid for a period of ninety days from the date of issuance.   Each

check shall be accompanied by a copy of the Plan and a transmittal letter stating

that the check is being sent pursuant to the Plan.

7.     Within 45 days after mailing checks and transmittal letters described

in paragraph 6, the Distribution Agent shall provide the Commission, the Court

and defendant HealthSouth with a statement showing:  (a) the total number of

checks issued to victims of the fraud; (c) the date each check was issued; (d) the

amount of each check; and (e) the name and address of the recipient of each check.

The Distribution Agent shall file the statement with the Court and mail a copy to

William P. Hicks, U.S. Securities and Exchange Commission, 3475 Lenox Road,

N.E., Atlanta, Georgia 30326.  If multiple distributions are made pursuant to the

Plan, such a statement shall be submitted after each distribution.  This Court

further understands that monies from other funds, in particular the fund anticipated

from *In re HealthSouth Corporation Securities Litigation*, Consolidated Case No.

CV-03-BE-1500-S partial settlement may also be distributed in conjunction with

the funds in this action again to achieve economics of scale and reduce overall

distribution costs to HealthSouth and the Class.

8.    Within 45 days after all checks issued in the distribution (or final distribution if there is more than one) pursuant to paragraph 6 have expired, the Distribution Agent shall provide a statement to the Commission, the Court and defendant HealthSouth showing the remaining monies in the Disgorgement Fund, if any.  The Distribution Agent shall also transfer any part of the civil penalties paid in this case which remains in the Disgorgement Fund to the Commission. Other funds will be dispersed as may be directed by this Court or if obtained in another case such as *In re HealthSouth Corporation Securities Litigation*, Consolidated Case No. CV-03-BE-1500-S, by that Court.

9.    The Distribution Agent may retain any such persons as are necessary to carry out his duties, including but not limited to accountants, attorneys, damages experts and a claims administrator.  The claims administrator chosen by the Distribution Agent to distribute the funds available in this case shall also serve as claims administrator in *In re HeathSouth Corporation Securities Litigation*, Consolidated Case No. CV-03-BE-1500-S, subject to the approval of the Court in that case.   The Distribution Agent may submit reasonable fees and expenses based on his services in this case to HealthSouth Corp. for payment as approved by the Court and as provided by the Final Judgment with respect to HealthSouth.

10.    The Distribution Agent and the Distribution Agent's designees, agents

and assistants are excused from any requirement to post a bond, and shall not be liable to any person for their actions hereunder, except on a finding of misfeasance, gross negligence or reckless disregard of duty.

IT IS FURTHER ORDERED that the Clerk of the Court shall promptly comply with the Distribution Agent's request for a determination of the amount of money in the Disgorgement Fund that is currently held in the CRIS account.

IT IS FURTHER ORDERED that the Distribution Agent shall file a report with the Court within ninety days relating the progress of his efforts, and shall file additional reports every ninety days thereafter and a final report when his duties are completed.

Dated: April 12, 2006

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE