

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) ) Plaintiff, ) ) vs. ) ) RICHARD M. SCRUSHY, ) ) Defendant. ) ) | Civil Action No. CV-03-J-0615-S |

## FINAL JUDGMENT AS TO DEFENDANT RICHARD M. SCRUSHY

The Securities and Exchange Commission (the "Commission") having filed a Third Amended Complaint in this action (the "Complaint"), and Defendant Richard M. Scrushy ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13], by knowingly providing substantial assistance to an issuer of a security registered pursuant to Section 12 of the Exchange Act or registered on a national securities exchange, that, directly or indirectly, in a report filed with the Commission:

(1)   makes or causes to be made a materially false or misleading statement; or

(2)   omits to state, or causes another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)], by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or an issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], and that, directly or indirectly, fails to make and keep books, records and accounts which, in reasonable detail, fairly and accurately reflect the transactions and disposition of the assets of the issuer, or that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (a) transactions were executed in accordance with management's general or specific authorization; (b) transactions were recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability of assets; (c) access to assets was permitted only in accordance with management's general or specific authorization; and (d) the recorded accountability for assets was compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1], by falsifying or causing to be falsified any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]. Beginning five years from the date of the entry of this Final Judgment, but not before, the Defendant, upon Notice to the Commission, may petition this Court for a modification or removal of the prohibitions in this paragraph.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is assessed disgorgement of $77,500,000 and a civil penalty in the amount of $3,500,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and 21(d)(3) of the Exchange Act [15 U.S.C. §

78u(d)(3)]. Defendant shall satisfy this assessment:

    (1) by depositing $1,500,000 of the penalty with the Clerk of this Court within twelve months of the date of entry of this Final Judgment;

    (2) by depositing the remaining $2,000,000 of the penalty with the Clerk of this Court within twenty-four months of the entry of this Final Judgment; and

    (3) by depositing $77,500,000 in disgorgement with the Clerk of this Court within twenty-four months of the date of the last judicial order or judgment (1) assigning the Defendant an obligation to pay a judgment or satisfy a settlement in any of the "Disgorgement Cases" -- as defined in Paragraph VIII below, or (2) providing a dismissal with prejudice as to the Defendant in any of the Disgorgement Cases.

Provided, however, that the Defendant may satisfy his obligation to pay the $77,500,000 in disgorgement assessed in this case through an offset, on a dollar for dollar basis, for amounts that he has paid or pays in the future in judgments or settlements in the Disgorgement Cases, by establishing with the Commission or this Court that the Defendant has paid such amounts in judgments or settlements in the Disgorgement Cases.

    Each deposit of the above amounts with the Clerk of this Court shall be accompanied by a cover letter identifying Richard M. Scrushy as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A photocopy of such letter, or letters, shall simultaneously be transmitted to the Commission's counsel in this action. Upon these deposits, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of these funds shall be returned to Defendant.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of this Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

This Court may adopt a plan to distribute the Fund. The Commission may by motion propose a plan to distribute the Fund. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalties, Defendant shall not argue that he is entitled to, nor shall he further benefit by, any offset or reduction of any compensatory damages award in any of the Disgorgement Cases by the amount of the Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Disgorgement Case grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the "Disgorgement Cases" include:

(1) In re HealthSouth Corp. Shareholders' Litigation, 845 A.2d 1096 (Del. Ch. 2003), aff'd, 847 A.2d 1121 (Del. Supr. 2004) (the "Delaware Case"), together with any other state and/or federal court stockholder derivative actions that have been consolidated or stayed in favor of the Delaware Case;

(2) Wade Tucker, et al. v. Richard Scrushy, et al., in the Circuit Court of Jefferson County, Alabama (HealthSouth Corporation 2002 Derivative Litigation), No. CV 02-5212 ("Tucker"), together with any state and/or federal court stockholder derivative actions that have been consolidated with Tucker or stayed in favor of Tucker, and together with any other stockholder derivative actions that have been brought on behalf of HealthSouth Corporation or any of its affiliated entities;

(3) In re HealthSouth ERISA Litigation, in the United States District Court for the Northern District of Alabama, Consolidated File No. CV-03-BE-1700-S, together with any other actions brought against Richard Scrushy to recover on behalf of HealthSouth's Employee Stock Ownership Plans and/or any of HealthSouth's plans that are subject to ERISA;

(4) In re HealthSouth Corporation Securities Litigation, in the United States District Court for Northern District of Alabama, Master File No. CV-03-BE-1500-S, together

with any related, consolidated, or separate private actions (including the stockholder litigation, No. CV-03-BE-1501-S, and the bondholder litigation, No. CV-03-BE-1502-S, and any opt-outs who separately sue the Defendant) brought under state or federal securities laws alleging claims for compensatory damages for shareholder or bondholder losses involving securities in HealthSouth and/or its affiliated entities; and

(5)   <u>Richard M. Scrushy v. HealthSouth Corporation</u>, in the Circuit Court of Jefferson County, Alabama, No. CV-05-7364.

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that if Defendant asserts that he is unable to pay any of the above amounts in disgorgement or civil penalty upon the due dates, Defendant will have ninety days to establish with the Commission, or with this Court in a contempt proceeding, that he is unable to pay the required amounts. In proving his inability to pay, Defendant may exclude the value of any retirement accounts existing as of January 3, 2007, and the value of his principal residence at 2406 Longleaf Street, Birmingham, Alabama, which accounts and residence shall be exempt from any judgment collection efforts by the Commission.

### X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment or any modification thereof.

XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: *April 23*, 2007

                                           _____
                                           UNITED STATES DISTRICT JUDGE