FILED

2008 Feb-05  AM 10:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>      v.<br><br>Healthsouth Corporation,<br><br>          Defendant. | CV-03-J-0615-S |

## NOTICE OF CLARIFICATION OF PLAN OF ALLOCATION FOR FUNDS IN SEC ACTION

Plaintiff Securities and Exchange Commission, at the request of Francis E. McGovern, the Court-appointed Distribution Agent for the Securities and Exchange Commission v Healthsouth Qualified Settlement Fund ("Fund") hereby submits a clarification with regard to the Distribution Agent's Plan of Allocation, as currently described.

The Plan of Allocation for the Securities and Exchange Commission HealthSouth Securities Settlement was filed on October 22, 2007, in accordance with the Joint Order Approving Form and Manner of Notice dated October 3, 2007. (See "Declaration of Joy Ann Bull Providing The Final Notice Documents," Exhibit 4, Appendix II.) The "Objection of Class

Member AIG Global Investment Corporation To The Class Action Plan of Allocation Specifically As It Relates To Terms of the Bondholder Allocation" filed December 14, 2007, and the "Memorandum in Support of Lead Plaintiffs' Motion for Approval of the Plan of Allocation of Settlement Proceeds and Response to Objection of Class Member AIG Global Investment Corporation" filed January 24, 2008, interpret the Plan of Allocation in two different manners. The issue subject to these different interpretations is whether compensation for an Injured Customer of HealthSouth Corporation is capped by the actual loss of that customer. The relevant language in the Plan of Allocation is as follows: "[a]n Injured Customer's eligibility for compensation is capped by the Injured Customer's actual loss on a security. That is, the maximum eligible loss on a unit held on a Disclosure Date is the difference between the purchase price and the sale price of that unit." These sentences control the subsequent provisions regarding the calculation of an Injured Customer's distribution amount. Actual loss is a prerequisite to compensation under the Plan of Allocation for the SEC HealthSouth Securities Settlement.

In addition, footnotes 5 and 7 of the HealthSouth Securities Settlement filed October 22, 2007 provide that securities ". . . held on September 28, 1998, September 29, 1998 and/or September 30, 1998 may be

included in the Plan of Allocation on or before the Court hearing on February 7, 2008." September 30, 1998, is hereby included in the Plan of Allocation.

The foregoing clarification applies only to the funds being distributed from the SEC HealthSouth Securities Settlement and does not impact the private class action funds.

For the foregoing reasons, the Commission respectfully requests that this Court incorporate this clarification in its consideration of the proposed plan.

Dated: February 5, 2008                    Respectfully submitted,


                                           /s/ William P. Hicks
                                           William P. Hicks
                                           REGIONAL TRIAL COUNSEL
                                           Ga. Bar No. 351649

                                           Counsel for Plaintiff
                                           Securities and Exchange
                                            Commission
                                           3475 Lenox Road, N.E.
                                           Suite 1000
                                           Atlanta, Georgia 30326-1232
                                           Tel: (404) 842-7600
                                           Fax: (404) 842-7679
                                           E-mail: HicksW@sec.gov

## CERTIFICATE OF SERVICE

I hereby certify that on  February 5, 2008, I electronically filed the foregoing Clarification by using the ECF system which will send a notice of electronic filing to the following known Filing Users: R. Martin Adams, Edward E. Angwin, Gary H. Baise, Arthur W. Leach, Alan M. Lieberman, Madison Loomis, Joseph B. Mays, Jr., Francis E. McGovern, Leslie V. Moore, James W. Parkman, J. Marbury Ranier, Alex Rue, David G. Russel, Jack W. Seldon, H. Michael Semler, Kile T. Turner, John D. Worland, Jr.

   I further certify that I served the foregoing document and notice of electronic filing by first-class mail to the following non-ECF participants:


Charles F. Walker, Esq.
Skadden, Arps, slate, Meagher & Flom
1440 New York Ave., N.W.
Washington D.C. 20005-2111

G. Douglas Jones, Esq.
2001 Park Place North, Suite 1000
Birmingham, AL  35203
Telephone:  205/328-9576
205/328-9669 (fax)

Robert R. Riley, Jr.
Riley & Jackson, P.C.
1744 Oxmoor Road
Birmingham, AL  35209


Patrick J. Coughlin, Esq.
Coughlin Stoia et al.
655 West Broadway, Suite 1900
San Diego, CA  92101

James W. Johnson, Esq.
Labaton Sucharow LLP
140 Broadway, 34th Floor
New York, NY  10005


John P. Coffey, Esq.
1285 Avenue of the Americas, 38th Floor
New York, NY  10019


Robert T. Cunningham, Jr.
Cunningham Bounds Crowder Brown & Breedlove
1601 Dauphin Street
Mobile, AL  36604


David J. Guin Esq.
Donaldson & Guin, LLC
The Financial Center
505 20th Street, North, Suite 1000
Birmingham, AL  35203


Charles W. Gilligan, Esq.
O'Donohue & O"Donohue
4748 Wisconsin Avenue, N.W.
Washington, DC  20016


Michael J. Del Giudice, Esq.
1219 Virginia Street, East, Suite 100
Charleston, WV  25301


/s/_____

William P. Hicks