FILED

2010 Jul-01  AM 11:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**                                           **CV-03-J-0615-S**

**HealthSouth Corporation**

**Defendant.**

## ORDER GRANTING DISTRIBUTION AGENT'S
## MOTION FOR ADOPTION OF RULINGS, APPROVAL OF PAYMENT OF CLAIMS IN ACCORDANCE WITH PLAN OF ALLOCATION, AND TRANSFER OF FUNDS

Having reviewed the Motion of the Distribution Agent for adoption of Rulings, Approval of Payment of Claims in Accordance with the Plan of Allocation, and Transfer of Funds (doc. 244) and the attached exhibits, and for good cause shown, the court GRANTS the motion and ORDERS as follows:

1.      The court adopts in *In Re Securities and Exchange Commission v. HealthSouth Corporation*, CV-03-J-0615-S, its prior ruling (doc. 1677) in *In Re HealthSouth Corporation Securities Litigation*, Master File No. CV-03-BE-1500-S.  Accordingly, the court:

(a) directs that all of the checks bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE

1

DATE]", to encourage Injured Customers to promptly cash their checks, and to avoid or reduce future expenses relating to unpaid checks;

(b) directs that Injured Customers who or which do not cash their checks within the time allotted will irrevocably forfeit all recovery from the SEC HealthSouth Securities Settlement, unless good cause is shown and that the funds allocated to all such stale-dated checks will become available for re-distribution to Injured Customers who have cashed their checks;

(c) directs that any Injured Customer who or which disputes the calculation of his, her or its loss amount and/or his, her or its  check, must submit such challenge in writing, detailing the disagreement, to the Claims Administrator,  no later than sixty (60) days after the date of the check, and if the calculations are not challenged in this manner and within the sixty (60) day time period, the Injured Customer shall have forever waived and forfeited the right to challenge the calculation of the claim;

(d) directs that no further Proofs of Claim may be accepted with respect to the SEC HealthSouth Securities Settlement for any reason after February 1, 2010; and

(e)  authorizes the destruction of paper copies of the claims forms and all supporting documentation one year after all settlement proceeds have been distributed and authorizes the destruction of electronic copies of claim records three years after all settlement proceeds have been distributed.

2.     The court adopts in *Securities and Exchange Commission v. HealthSouth Corporation*,  CV-03-J-0615-S,  its prior rulings (docs. 1650 and 1677) in *In Re HealthSouth Corporation Securities Litigation*, Master File No. CV-03-BE-1500-S, approving the administrative determinations by the Claims Administrator, Rust Consulting, Inc., and denying

the claims listed in Exhibit B (doc. 244-2) of the Distribution Agent's Motion.

       3.      The court approves the Plan of Allocation as clarified and contained in Exhibit A (doc. 244-1) of the Distribution Agent's Motion; approves the Report to the court contained in Exhibit C (doc. 244-3) of the Distribution Agent's Motion and made pursuant to the Plan of Allocation as clarified and contained in Exhibit A of that Motion; and approves and authorizes payment to the list of valid claims eligible for payment contained in Exhibit D (referred to in doc. 244-4 and filed separately under seal) of the Distribution Agent's Motion and made in accordance with the Plan of Allocation as clarified and contained in Exhibit A of that Motion; and directs that the SEC HealthSouth Securities Settlement fund, including interest accrued,  be distributed as soon as practicable to valid claims eligible for payment based on the calculations specified in the Plan of Allocation as clarified and contained in Exhibit A of the Distribution Agent's Motion.

       4.      The court approves the transfer of funds from the CRIS account to the Huntington National Bank distribution account to comply with the Plan of Allocation.

       DONE and ORDERED this 1st day of July, 2010.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE